**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

THOMAS CREPEAU,

      Defendant - Appellant.

No. 06-1099
(D. Ct. No. 05-CR-434-EWN)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Thomas Crepeau pleaded guilty to one count of making an interstate threat to kill another person in violation of 18 U.S.C. § 875(c). He was sentenced to 12 months and one day's imprisonment. Mr. Crepeau filed a notice of appeal to challenge

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

his sentence. Subsequently, Mr. Crepeau's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating his belief that there are no meritorious grounds upon which Mr. Crepeau can appeal his sentence or challenge the entry of his guilty plea; he seeks permission to withdraw as counsel. Mr. Crepeau filed a response to his attorney's motion. He identifies six possible grounds for appeal: (1) he was coerced into signing a plea agreement he did not understand; (2) the federal government lacks jurisdiction over crimes occurring in the state of Colorado; (3) relatedly, he should have been prosecuted in Nebraska state court, as opposed to federal district court in Colorado; (4) he was denied due process because people in the courtroom laughed during his sentencing hearing; (5) the District Court misapplied the U.S. Sentencing Guidelines in calculating his advisory sentencing range; (6) his sentence is unreasonable. Having reviewed the record, we conclude that there are no nonfrivolous issues to be raised on appeal and we therefore AFFIRM Mr. Crepeau's conviction and sentence, DISMISS the appeal, and GRANT counsel's motion to withdraw.

## I. BACKGROUND

Mr. Crepeau was charged in a four-count indictment after sending multiple threatening e-mail messages to employees of his bank in an attempt to extort money. He pleaded guilty to Count One of the indictment charging him with making an interstate threat to kill another person in violation of 18 U.S.C. § 875(c). In exchange, the Government agreed to dismiss Counts Two through Four. In the plea agreement, Mr. Crepeau stipulated to the following facts: On February 16, 2005, Mr. Crepeau, while in

the state of Colorado, sent an e-mail to Rebecca Lane, an employee of Commercial Federal Bank. Ms. Lane received the e-mail in Nebraska. In the e-mail, Mr. Crepeau made threatening remarks to Ms. Lane because of her role in investigating and charging Mr. Crepeau's credit card for $300 in damages he caused in a hotel room. The bank filed a report with the Omaha Police Department, and instructed Mr. Crepeau not to have any more contact with any employee at Commercial Federal Bank. Thereafter, Mr. Crepeau wrote two more threatening e-mails to Ms. Lane and one to Ron Simons, another bank employee.

## II. DISCUSSION

*Anders* authorizes counsel to request permission to withdraw where he has conscientiously examined the case and has determined that any appeal would be wholly frivolous. *Anders*, 386 U.S. at 744. A request to withdraw must be accompanied by a brief to both the defendant and the appellate court indicating any potential appealable issues. *Id.* The defendant must then have the opportunity to raise any points he chooses. *Id.* "[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . ." *Id.*

In his *Anders* brief, counsel notes that the only possible bases for appeal would be that (1) Mr. Crepeau's plea was invalid, (2) the District Court erred in calculating the applicable U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines") range, and (3) Mr. Crepeau's sentence is unreasonable. Our independent review of the record confirms

- 3 -

counsel's conclusion that no basis in law or fact exists for any of these arguments, nor any other argument.

For a guilty plea to be valid, it must be knowingly, intelligently, and voluntarily made. *United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998). It must also comply with Fed. R. Crim. P. 11. *See* Fed. R. Crim. P. 11(b)(1) (explaining procedure before the court may accept a guilty plea). The District Court confirmed several times that Mr. Crepeau was entering his plea knowingly and voluntarily and it thoroughly explained the consequences of the guilty plea. It also addressed the specific terms of the plea agreement and complied with Rule 11 in every way. There is no basis for concluding that the plea agreement was the product of coercion or otherwise invalid.

With respect to sentencing, our review reveals that the District Court did not misapply the Guidelines. The Guidelines provision applicable to a violation of 18 U.S.C. § 875(c) is U.S.S.G. § 2A6.1, which provides for a base offense level of 12. The District Court applied a two-level enhancement because the offense involved more than two threats. *See* U.S.S.G. § 2A6.1(b)(2). The District Court also applied a two-level reduction for Mr. Crepeau's acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). This produced a total offense level of 12. The District Court also concluded, based on Mr. Crepeau's criminal history, that he was in criminal history category II. Based on the foregoing, the advisory sentencing range is 12 to 18 months' imprisonment. The District Court sentenced him to the lowest level of the applicable Guidelines range—12 months

and one day.[1]

The only possible error in calculating the advisory sentencing range would be in the District Court's application of the two-level enhancement because the offense involved more than two threats. But in his plea agreement and at his change-of-plea hearing, Mr. Crepeau admitted that he sent three separate threatening emails to Ms. Lane and one to another bank employee. *See United States v. Scott*, 441 F.3d 1322, 1327 (11th Cir. 2006) (holding that when three distinct threats were made, § 2A6.1(b)(2) was properly applied even though there were only two mailings); *United States v. Stokes*, 347 F.3d 103, 106 (4th Cir. 2003) ("[T]he phrase 'more than two threats,' as used in § 2A6.1(b)(2), refers to the number of threatening communications . . . ."). As such, the enhancement was properly applied.

As for Mr. Crepeau's suggestion that his sentence is unreasonable because it is greater than necessary to comport with the 18 U.S.C. § 3553(a) sentencing factors, we disagree. The District Court clearly stated the § 3553(a) factors and described why a sentence within the advisory Guidelines range was appropriate. We presume a sentence within the appropriate Guidelines range is reasonable unless it is shown otherwise. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). Nothing in the record gives us reason to rebut this presumption.

Nor was Mr. Crepeau denied due process at his sentencing hearing when the

---

[1] The record shows that the District Court added the one day to allow Mr. Crepeau to receive credit for good behavior in prison, which is only available for sentences greater than one year. *See* 18 U.S.C. § 3624(b)(1).

District Court made a joke regarding an attorney's lack of "anger management" at 6:30 A.M. on a Thursday morning, causing some members of the courtroom to laugh. There is nothing in the record to suggest that the episode was so unduly prejudicial that it rendered the sentencing hearing fundamentally unfair. *See, e.g.*, *United States v. Chanthadara*, 230 F.3d 1237, 1274 (10th Cir. 2000) (citing *Payne v. Tennessee*, 501 U.S. 808, 831 (1991)) (stating that a defendant is denied due process at sentencing if evidence erroneously admitted is so prejudicial as to render the proceeding fundamentally unfair).

Mr. Crepeau's remaining claims respecting the federal court's jurisdiction are similarly without merit. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

### III.  CONCLUSION

Because the record reveals no nonfrivolous arguments to appeal, we AFFIRM Mr. Crepeau's conviction and sentence, DISMISS this appeal, and GRANT counsel's request to withdraw.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge